IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Richard Crouse and George T. Winningham, | ) )    C.A. No. 2:16-cv-274-CWH |
| Plaintiffs, | ) ) **JOINT MOTION TO APPROVE** |
| v. | ) **SETTLEMENT AND DISMISS** ) **ACTION** |
| Town of Moncks Corner, and James Chad Caldwell, Chief of Police, Moncks Corner Police Department, | ) ) ) ) |
| Defendants. | ) |

The parties to the above-captioned action, by and through their undersigned counsel, jointly move the Court for an Order approving their Settlement Agreement, Release and Covenant Not to Sue ("Agreement") and dismissing this case with prejudice. In support of the motion, the parties offer the following:

### **Factual Background**

Plaintiffs Richard Crouse and George Winningham are former police officers with the Moncks Corner Police Department. At all times relevant to this action, the Town of Moncks Corner ("the Town") employed Crouse and Winningham as detectives. (ECF 1, ¶¶ 12 – 13; ECF 7, ¶¶ 12 – 13). Plaintiffs assert that Defendants did not properly compensate them for alleged work time during their meal breaks in violation of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, and the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code § 41-10-10, *et seq*.

Specifically, Plaintiffs maintain that during their meal breaks they were required to remain within a certain location, stay in communication with dispatch, answer all cell phone calls, respond to radio calls, and frequently assist with police matters. Plaintiffs claim these

alleged interruptions warrant compensation for all meal breaks, which in some weeks would amount to overtime pay. (ECF 1, ¶¶ 22 – 27). Defendants, of course, deny these assertions, and maintain that even if such interruptions occurred, they were too short in both duration and frequency to become compensable work time under the relevant regulations and well-established case law. (ECF 7, ¶¶ 22-27). Defendants also maintain that the FLSA preempts Plaintiffs' SCPWA claim. (ECF 7, XIV).

The nature of Plaintiffs' claims, that any meal time interruptions transformed that time from uncompensated meal time to compensable hours worked, do not lend themselves to a definitive determination as to the fact, or amount, of hours of alleged time worked over what was truly compensable and paid. The parties vigorously dispute liability, preemption, and whether Plaintiffs worked uncompensated hours as alleged in the Complaint, and, if so, how many.

### Proposed Settlement

The parties have negotiated a compromise settlement of Plaintiffs' claims based on estimated alleged losses falling within a 3-year statute of limitations as Plaintiffs' claims are brought under both the SCPWA and the FLSA. Based on records, the parties have determined that Plaintiffs were paid at least the statutory minimum wage and, for any hours worked or alleged to have worked in excess of 171 in a 28-day cycle, they will receive at least one and one-half times the statutory minimum wage as a result of this settlement.

As set out in in the Settlement Agreement, Release and Covenant Not to Sue (Exhibit 1), the Town agrees to pay on behalf of Defendants the gross sum of $28,500.00 in settlement of the claims. The settlement total includes back wages for time estimated to have been worked by each Plaintiff within the limitations periods applicable to each, including any alleged overtime. In addition, Plaintiffs' attorneys' fees will be paid, and Plaintiffs will receive liquidated damages.

**Analysis**

There is a split of authority on whether settlements reached during litigation must be approved by the Court. *Compare, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54) (11th Cir. 1982) (settlement must be supervised by Department of Labor, or approved by court in litigation) *with, Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 253-257 (5th Cir. 2012) (private settlement of FLSA claims enforceable where settlement was negotiated by union on behalf of employees represented by counsel). Therefore, in an abundance of caution, the parties seek the Court's approval of the settlement. Where approval is sought, the Court determines whether there is a *bona fide* dispute over wages owed and whether the proposed settlement is a reasonable compromise. *See Lynn's Food Stores*, 679 F.2d at 1354.

Here, the proposed settlement represents payment in full of an estimated underlying amount of compensable meal time and overtime alleged to have been worked within a 3-year limitations period, plus liquidated damages and attorneys' fees. Legitimate questions exist as to the amount of hours worked by Plaintiffs since the parties dispute whether any interruptions during Plaintiffs' meal breaks warranted compensation under the applicable regulations and case law. *See Lee v. Vance Executive Protection, Inc.*, 7 Fed.Appx. 160, 165-166 (4th Cir. 2001) ("While we acknowledge that the [employees] need not prove each hour of overtime work with unerring accuracy or certainty, enough evidence must be offered so that the court as a matter of just and reasonable inference may estimate the unrecorded hours.") (internal quotations omitted).

Defendants maintain that based on Plaintiffs' own sworn deposition testimony that they answered their cell phones or radios only once or twice a week during their meal breaks and for no more than ten minutes each time that no such interruptions rose to the level to garner compensation. Defendants assert that it is well settled that merely monitoring a radio, taking

questions from the public, or being subject to being called back to work does not make meal time compensable. *See e.g., Avery v. City of Talladega, Alabama*, 24 F.3d 1337, 1347 (11th Cir. 1994)(officers "free to spend their meal breaks in any way they wish so long as they … leave their radios on … are able to comfortably and adequately pass the mealtime.") (internal quotation omitted). Additionally, Defendants assert that Plaintiffs' FLSA claim preempts their SCPWA claim.

Plaintiffs maintain that they regularly performed work during their uncompensated meal breaks. Specifically, Plaintiffs stated in post-deposition declarations that they were constantly interrupted during the one-hour meal break with phone calls from their superiors, radio calls, as well as calls from other law enforcement officers requiring assistance. Plaintiffs stated also in their post-deposition declarations that, if they did not answer their cell phones during meal breaks, they were subject to a verbal or written reprimand. Plaintiffs allege that the Defendants instructed them not to report these interruptions as compensable time.

Accordingly, it is clear that there is a *bona fide* dispute over liability and wages due. In light of that dispute, the proposed settlement represents a fair compromise.

## Conclusion and Motion to Dismiss

Plaintiffs' claims under the FLSA and SCPWA are vigorously contested, and the parties have reached reasonable compromise of those claims. Accordingly, the Court should approve the proposed settlement. Further, having reached accord on the claims in the litigation, the parties also request an Order dismissing the case with prejudice upon completion of the payments contemplated in the Agreement. A proposed Consent Order will be submitted to chambers for the Court's consideration.

*SIGNATURES ON FOLLOWING PAGE*

5

| | |
|---|---|
| s/Marybeth Mullaney | s/T. Foster Haselden |
| MARYBETH MULLANEY (FID 11162) | CHRISTOPHER W. JOHNSON (FID 7581) |
| MULLANELY LAW FIRM | T. FOSTER HASELDEN (FID 11461) |
| 1037-DChuck Dawley Blvd Suite 104 Mount Pleasant, SC 29464 | GIGNILLIAT, SAVITZ & BETTIS, L.L.P. |
| Tel.: (800) 385-8160 | 900 Elmwood Ave., Suite 100 |
| Fax.: (800) 385-8160 | Columbia, SC 29201 |
| marybeth@mullaneylaw.net | Tel.: (803) 799-9311 |
| | Fax: (803) 254-6951 |
| | cjohnson@gsblaw.net |
| | fhaselden@gsblaw.net |

s/Jennifer Munter Stark                    ATTORNEYS FOR DEFENDANTS
JENNIFER MUNTER STARK
LAW OFFICE OF JENNIFER MUNTER-STARK
210 Wingo Way, Suite 300
Mount Pleasant, SC 29464
Tel.: (843) 972-0004
Fax.: (843) 972-0006
jmunterstarklaw@gmail.com

ATTORNEYS FOR PLAINTIFFS

June 9, 2017

Columbia, South Carolina