IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Richard Crouse and George T. Winningham, | ) ) ) C.A. No. 2:16-cv-274-CWH |
| Plaintiffs, | ) ) **SETTLEMENT AGREEMENT,** ) **RELEASE AND COVENANT NOT** |
| v. | ) **TO SUE** ) |
| Town of Moncks Corner, and James Chad Caldwell, Chief of Police, Moncks Corner Police Department, | ) ) ) ) ) |
| Defendants. | ) |

      Richard Crouse and George T. Winningham ("Plaintiffs") and the Town of Moncks Corner and James Chad Caldwell agree as follows:

      1.     In exchange for payment to them and on their behalf, Plaintiffs desire to settle and forever end the above-captioned action, as set forth below. The effective date of this Agreement is June ___, 2017.

      2.     Each Plaintiff for himself, his heirs, administrators, and assigns, intends to and does hereby covenant not to sue and forever release the Town of Moncks Corner and James Chad Caldwell, including their present and past officials, employees, and agents (collectively, "Defendants") from any and all causes of action, claims, demands, costs, or attorney's fees. This release and covenant not to sue is intended to be as broad as the law will allow and extends to all claims of any nature and kind whatsoever, known or unknown, from the beginning of time until the date of this Agreement. Claims covered by this release and covenant not to sue include, but are not limited to, claims that Plaintiffs have or in the future may be entitled to have against the Defendants on account of or in any way arising out of or in connection with Plaintiffs' employment

1

or separation from employment with the Town of Moncks Corner. These claims specifically include but are not limited to any and all charges and actions arising under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*); the Age Discrimination in Employment Act (29 U.S.C. § 621, *et seq.*); the Americans with Disabilities Act (42 U.S.C. § 12101, *et seq.*); the Family and Medical Leave Act (29 U.S.C. § 2601, *et seq.*); the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*); the Rehabilitation Act of 1973 (29 U.S.C. § 701, *et seq.*) the South Carolina Human Affairs Law (S.C. Code Ann. § 1-13-10, *et seq.*); the South Carolina Payment of Wages Act (S.C. Code Ann. § 41-10-10, *et seq.*); 42 U.S.C. § 1981, 1983, 1985, or 1988; the Constitution, statutes, regulations, and Executive Orders of the United States and/or the State of South Carolina; the common law, including but not limited to contractual claims and both intentional and unintentional tort claims; and any other claim. This release does not apply to Plaintiffs' cause of action for alleged violation of their First Amendment rights brought under 42 U.S.C. § 1983 and filed May 15, 2015, 2:14-CV-00438-CWH, or any appeal of that case.

3. The parties agree that liability and the amount of liability are vigorously disputed. Specifically, the Defendants assert that Plaintiffs' allegations of interrupted meal breaks do not, under the regulations and well-established case law, rise to the level of compensable hours worked based on the amount of time and frequency of each alleged interruption as Plaintiffs testified to during their depositions. In addition, Defendants assert that, even if they were amenable to liability, Plaintiffs lack evidence of the alleged meal time hours and overtime they claim to have worked without compensation, and that they have been paid for all hours worked. Plaintiffs assert that they are owed back pay and overtime because they claim they regularly performed work during their uncompensated one-hour meal break and were subjected to continuous interruptions by being required to monitor their radios and answer all cell phone calls during their meal breaks. The

parties agree that Plaintiffs were paid well in excess of the statutory minimum wage. The parties further agree that determining with any accuracy the amount of meal time hours and overtime Plaintiffs allege they worked would not be possible, and that Plaintiffs will receive under this Agreement compensation of at least one and one-half times the statutory minimum wage for all hours they allege they worked. The parties agree that the amounts set forth below in this Agreement represent a fair compromise in light of the disputed claims and lack of records of the alleged meal time work.

4. The parties agree that the Town of Moncks Corner will, on behalf of Defendants, pay the following sums to Plaintiffs and/or Plaintiffs' attorneys:

   a. to Richard Course, the gross amount of $2,500.00 in back wages[1] and $2,500.00 in liquidated damages.

   b. to George T. Winningham, the gross amount of $1,250.00 (to be reduced by necessary taxes, contributions and withholdings) in back wages and $1,250.00 in liquidated damages.

   c. to Mullaney Law Firm, on behalf of Plaintiffs, $10,500.00 in attorney's fees and costs.

   d. to Jennifer Munter Stark, Esquire, LLC, on behalf of Plaintiffs, $10,500.00 in attorney's fees and costs.

5. The parties agree that the foregoing amounts are the entire amounts to be paid to or on behalf of Plaintiffs as a result of this Agreement and that they are not entitled to any further

---

[1] Plaintiff Richard Crouse specifically agrees that he represented to the Town of Moncks Corner on a Form W-4 (2017) that he signed and executed on May 8, 2017, that he is exempt from all tax withholdings for any payments the Town of Moncks Corner makes pursuant to this Agreement. Plaintiff Crouse further agrees that he shall be solely responsible for any sums that may be owed to any taxing authority, including by the Town, as a result of the sums paid to him in this Agreement and acknowledges such agreement by placing his initials here _____.

3

amounts. Plaintiffs agree that they remain responsible for taxes (if any) related to the payments made to them pursuant to this Agreement. Plaintiffs waive all claims and rights to any past, present, or future position of employment with the Town of Moncks Corner. Plaintiffs agree not to reapply for employment with the Town of Moncks Corner or accept assignment of employment at the Town of Moncks Corner by a third party, which may include, but is not limited to, a temporary employment agency or consulting agency.

6. Plaintiffs agree to maintain the terms of this Agreement in the strictest confidence and will reveal its terms only to their spouses, legal representatives, tax advisors, the Court in which this case is pending, and as may otherwise be required by law. Plaintiffs' duty of confidentiality remains despite the fact that the parties intend to file a copy of this Agreement with the Court.

7. This Agreement is the compromise of doubtful and disputed claims and this Agreement is not to be construed as an admission of liability on the part of Defendants. Defendants expressly deny liability of any nature or kind whatsoever to Plaintiffs. Each Plaintiff agrees that he will not assert or imply that Defendants, or any of them, have admitted any liability to him as a result of this Agreement and/or the payment(s) made to him under this Agreement.

8. This Agreement is governed by the laws of the State of South Carolina, to the extent not displaced by federal law.

9. This Agreement is contractual and not merely recital, which means, among other things, that if Plaintiffs, or any of them, in the future takes some action they have promised not to take, or fail to take some action they have promised to take, Plaintiffs, or the individual Plaintiff as the case may be, will be in breach of this Agreement and may be required to repay the amounts paid to them or on their behalf pursuant to this Agreement, plus interest computed at the legal rate

prevailing in the State of South Carolina, plus costs and attorneys' fees. If any party has to go to court to enforce the provisions of the agreement, the prevailing party will be entitled to attorneys' fees and costs of litigation, as well as any damages that may be proven at trial.

10. The parties agree to file a joint motion for Court approval of the above-captioned action and to dismiss the above-captioned action with prejudice. It is the parties' intent to forever end this matter and bar any claims that were brought in the action, or could have been brought in the action. To that end, the parties hereby authorize their attorneys to file and consent to whatever motions, orders, stipulations or other documents are necessary to accomplish this goal.

11. The parties agree that this Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

12. The undersigned hereby acknowledge that they have read and fully understand this Agreement, agree that it incorporates all oral understandings and negotiations between them, and that it is the entire agreement between them.

IN WITNESS WHEREOF, the undersigned have initialed each page and set their signatures below.

*SIGNATURES ON FOLLOWING PAGE*

**FOR THE PLAINTIFFS:**

_____
Richard Crouse

Dated: _____

_____
George Winningham

Dated: _____

**FOR THE DEFENDANTS:**

_____
The Town of Moncks Corner

By: _____

Its:_____
*Authorized pursuant to vote of City Council taken on _____, 2017.*

_____
James Chad Caldwell

Dated: _____